KERMITT L. WATERS, Petitioner, v. MICHAEL E. BARR and STATE BAR OF NEVADA, Respondents.

No. 17384

December 31, 1987                    747 P.2d 900

*Kermitt L. Waters,* in Proper Person.

*Michael E. Barr,* former Bar Counsel, Las Vegas, and *Ann Bersi,* Executive Director, State Bar of Nevada, Reno, for Respondents.

## OPINION

*Per Curiam:*

This petition for a writ of mandamus challenges the refusal of a former counsel for the State Bar of Nevada to investigate a private complaint against two Assistant United States Attorneys.[1] One of

---

[1]We note that shortly after defending this petition ostensibly on behalf of the state bar, former bar counsel resigned as bar counsel and accepted a position as an Assistant United States Attorney.

these attorneys is a member of the State Bar of Nevada; the other is not.

Petitioner filed a complaint against the two attorneys in this court. In the complaint, petitioner alleged that the two attorneys were guilty of several violations of the Nevada Rules of Professional Conduct.[2] This court referred the complaint to former bar counsel for the State Bar of Nevada for investigation. Instead of investigating the complaint, bar counsel informed petitioner by letter that this court and the State Bar of Nevada lack jurisdiction over Assistant United States attorneys, and that petitioner's complaint would therefore not be investigated. This petition followed.

In support of his application for relief, petitioner contends that pursuant to SCR 202(1), petitioner has a responsibility to inform this court of violations of the rules of professional conduct, and that as an officer of this court, petitioner has an obligation to advise the court that bar counsel has attempted to avoid his duties by incorrect representations concerning the jurisdiction of this court. According to petitioner, bar counsel has an affirmative duty to act properly, and mandamus is a proper remedy to compel the performance of his duties. *See* NRS 34.160; State ex rel. List v. County of Douglas, 90 Nev. 272, 524 P.2d 1271 (1974); Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964). Former bar counsel has asserted on various grounds that mandamus is an inappropriate remedy to compel the proper performance of his duties.

Assuming, *arguendo,* that mandamus is not an appropriate vehicle for bringing these issues before the court, this court nevertheless has inherent supervisory authority over the State Bar of Nevada, and a strong interest in assuring that not only bar counsel, but all members of the State Bar of Nevada, and all its functionaries, perform their duties properly. *See* SCR 39; SCR 76(1); Brown v. Board of Bar Examiners of the State of Nev., 623 F.2d 605 (9th Cir. 1980). To this end, this court need not confine its orders to the entry of writs recognized at common law, but may structure relief appropriate to the purpose at hand. *See, e.g.,* In Re Breen, 30 Nev. 164 (1908); In Re Maestretti, 30 Nev. 187 (1908) (where district attorney and district judge had engaged in misbehavior, Supreme Court of Nevada conducted independent disciplinary proceedings and suspended Breen and Maestretti from the practice of law in Nevada).

---

[2]The United States District Court for the District of Nevada has adopted the Nevada Rules of Professional Conduct as the standard of conduct for all members of the bar of that court. *See* D.Nev.L.R. 120-8.

As an employee of the State Bar of Nevada, which exists as an arm of this court in the performance of our duty to regulate the attorneys of this state, bar counsel's ultimate responsibility is to act in eminent good faith toward this court in the performance of all of his functions. Therefore, we agree with petitioner that this court has jurisdiction to act in the premises. We also agree with petitioner that the fact that Nevada attorneys have been functioning as Assistant United States attorneys in the federal courts does not insulate them from accountability for misbehavior if this is performed in Nevada and affects other Nevada attorneys, or affects the integrity of the State Bar of Nevada, even if the misbehavior in question is effectuated in whole or in part through activities in the federal courts. *See* SCR 39; SCR 76(1); Brown v. Board of Bar Examiners of State of Nev., 623 F.2d 605 (9th Cir. 1980). After occasioning this controversy by taking a position contrary to the foregoing, former bar counsel, in pleadings filed in response to this petition, effectively acknowledged this court's jurisdiction in this matter.

Although former bar counsel originally asserted that this court had no jurisdiction over United States attorneys, he later conceded that this court has jurisdiction to discipline the Assistant United States attorney who is a member of the State Bar of Nevada. We agree. There is no question that an attorney may be subjected to discipline from any bar association to which he is a member. *See* Theard v. United States, 354 U.S. 278 (1957); In re Isserman, 345 U.S. 286 (1953); In re Sawyer, 260 F.2d 189 (9th Cir. 1958), *reversed on other grounds,* 360 U.S. 622 (1959). Thus, this court clearly has jurisdiction to discipline the Assistant United States attorney who is a member of the State Bar of Nevada.

Former bar counsel has contended, however, that this court lacks jurisdiction to discipline the Assistant United States attorney who is not a member of the State Bar of Nevada. We disagree. SCR 99.1 provides that this court has jurisdiction to discipline any attorney, whether admitted to practice in Nevada or not, who practices law in this state. It cannot be disputed that United States attorneys appearing on behalf of the government in the federal district courts in Nevada are engaged in the practice of law in Nevada. Further, this state has a compelling interest in regulating the legal profession within this state. The regulation of the legal profession is a proper exercise of state power, and that power includes the authority to impose sanctions for any miscon-

duct of federal prosecutors practicing law within the state, at least if the misconduct impacts improperly and adversely upon our courts or upon the practicing bar of this state. At this point in time, we need not explore the nature and extent of the sanctions which we might deem it within our power to impose. In an appropriate case, however, we think this court could express its displeasure through censure or through a ruling that an offending attorney would be precluded in the future from any privilege to practice before our courts.

Of course, we express no opinion on the questions of whether the Assistant United States attorneys involved in this case have been guilty of unethical conduct or whether action on the part of the state bar would be appropriate under the circumstances of this case. Because the complaint has not yet been presented to the present counsel for the state bar, and the complaint has not been investigated, we conclude that it is appropriate to allow current bar counsel an opportunity to evaluate the facts of this matter, and to determine whether the facts justify action. We therefore conclude that, because no actual controversy exists at this time, our intervention by way of extraordinary relief is unwarranted. Accordingly, we deny this petition.