# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA, OFFICE OF THE ATTORNEY GENERAL; LAWRENCE J.C. VANDYKE; AND NICHOLAS A. TRUTANICH, Petitioners, vs. THE STATE BAR OF NEVADA; THE BOARD OF GOVERNORS NEVADA STATE BAR; AND BOARD OF BAR EXAMINERS OF THE STATE BAR OF NEVADA, Respondents.

No. 72321

FILED

MAY 17 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER GRANTING PETITION*

This original petition for a writ of mandamus challenges the revocation of the certifications of limited practice under SCR 49.8 previously issued to petitioners Lawrence J.C. VanDyke and Nicholas A. Trutanich.[1]  This petition is properly before this court, NRS 2.120; NRS

---

[1]This petition was deemed confidential upon petitioners filing it "pursuant to SCR 70.5." As directed by this court, the parties addressed in their briefing whether this matter should be deemed confidential.

Applications to practice law necessarily involve highly personal information, such as medical and mental health history, criminal history, and financial information, *see, e.g.,* SCR 52, the confidentiality of which this court seeks to maintain as much as possible. However, the fact that one seeks admission or a certificate of limited practice is *not* confidential, and this matter does not involve the denial of an application based on such personal information; rather, the briefing in this matter involves application of a rule. In light of the nature of the material in the State Bar's appendices, we direct the clerk to seal the appendices filed on February 15, 2017, and the declarations filed on February 17, 2017;
*continued on next page...*

 

17 - 16620

7.275(1); SCR 39; SCR 76(1); *In re Application of Nort*, 96 Nev. 85, 96, 605 P.2d 627, 635 (1980); *see Waters v. Barr*, 103 Nev. 694, 696, 747 P.2d 900, 901 (1987), and having considered the parties' arguments and supporting documents, we grant it. NRS 34.160; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

The State Bar does not deny that its officials advised VanDyke that, as long as an attorney remained employed by the Nevada Attorney General's Office and his or her SCR 49.8 certification was renewed each year, an attorney issued such a certificate could practice law in this state indefinitely.[2] Additionally, the Bar "concedes that its employees' statement" to VanDyke "should preclude it from asserting certain legal defenses against the relief sought" and that petitioners apparently "relied upon [the] erroneous interpretation." The State Bar "does not oppose, or

---

*...continued*

otherwise, the clerk shall remove the confidential designation on this matter. *See* SRCR 3(4) ("The parties' agreement alone does not constitute a sufficient basis for the court to seal or redact court records."); SRCR 3(5)(b) ("A court record shall not be sealed under these rules when reasonable redaction will adequately resolve the issues before the court . . . ").

[2]In 2008, the rule was amended to require annual renewals of the certifications. *See In re Amendment of the Supreme Court Rules Governing Limited Admission to the Practice of Law in Nevada and for the Appointment to the Panel of Arbitrators Under Nevada Arbitration Rule 7*, ADKT 420 (Order Amending the Supreme Court Rules Governing Limited Admission to Practice Law in Nevada and Nevada Arbitration Rule 7, December 28, 2007). This amendment appears to have introduced confusion into the procedure for such certifications, as evidenced by the State Bar, which is tasked with administering such certifications, erroneously informing VanDyke that such certification can be renewed annually for an indefinite period of time.

assert any legal argument in opposition" to this court "fashioning temporary relief to remedy this current situation."

VanDyke and Trutanich reasonably relied on the State Bar's representation of what SCR 49.8(3) required, and delayed taking the bar examination within two years after their certifications of limited practice were granted because they believed they could renew their certifications as long as they were employed by the Attorney General's Office. As such, equity dictates that we grant the petition. *See Louis v. Supreme Court of Nev.*, 490 F. Supp. 1174, 1180 (D. Nev. 1980) (noting that a "state bar association is an integral part of the judicial process" and acts "as an agency of the state"); *Nev. Pub. Emp. Ret. Bd. v. Byrne*, 96 Nev. 276, 280, 607 P.2d 1351, 1353 (1980) ("a citizen has a legitimate expectation that [a governmental agency] should deal fairly with him or her" and such agencies have "a most stringent duty to abstain from giving inaccurate or misleading advice"); *Las Vegas Convention & Visitors Auth. v. Miller*, 124 Nev. 669, 699-700, 191 P.3d 1138, 1158 (2008) (noting that when a governmental agency makes factual representations to a person seeking information, and the person relies on those representations in pursuing a course of action, equitable relief may be appropriate).

Accordingly, we grant petitioners' request that their certifications of limited practice be reinstated, nunc pro tunc to February 1, 2017, until they have the opportunity to be considered for admission to the state bar by taking and passing the July 2017 bar examination.[3] If a petitioner does not pass the bar examination, his certification shall expire

[3]We decline the parties' suggestion to extend such relief to persons who have not directly petitioned this court and presented proper argument in support of such relief.

upon this court's announcement of the results of the July 2017 bar examination. If a petitioner passes the examination, in order to allow enough time to be properly sworn in as an active member of the bar, his certification shall expire 21 days after the results are announced by this court.[4] Thus, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the State Bar to reinstate the certifications of limited practice under SCR 49.8 previously issued to petitioners Lawrence J.C. VanDyke and Nicholas A. Trutanich in accordance with the instructions set forth above.[5]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

---

[4]To the extent that evaluation of requirements for admission other than passing the bar examination (such as character and fitness evaluations) requires time beyond the announcement of the test results, petitioners' ultimate admission would, of course, be deferred until those requirements have been met. This order constitutes the final disposition of this writ proceeding; any further proceedings related to the admission of petitioners shall be docketed as a new matter.

[5]As discussed above, we have granted the petition based on equitable considerations, and therefore do not reach petitioners' other arguments.

cc: Attorney General/Las Vegas
Attorney General/Carson City
State Bar of Nevada/Las Vegas
Parsons Behle & Latimer/Reno

CHERRY, C.J., with whom HARDESTY and STIGLICH, JJ., agree, dissenting:

This petition should be denied, and I therefore dissent. Based on two short phone calls and an inconclusive email, petitioners decided to delay applying for full admission to the Nevada bar, despite occupying high-level positions at the Attorney General's Office and despite language in the applicable rule that "[i]n no event" would their certifications of limited practice remain in effect longer than two years. Making such a consequential decision based on non-authoritative, informal communications has resulted in the unfortunate consequences described in the petition, and I am not unsympathetic to the harms of which petitioners complain. However, application of equitable remedies requires more than what is presented here—it requires a *reasonable* reliance on another's misrepresentations—and petitioners' unquestioning acceptance of an interpretation that rendered a sentence of the rule meaningless was not reasonable.

SCR 49.8, which allowed for petitioners' limited admission, is clear and straightforward and not, as petitioners claim, ambiguous. A provision is ambiguous when it is subject to more than one reasonable interpretation. *Kaplan v. Chapter 7 Trustee*, 132 Nev., Adv. Op. 80, 384 P.3d 491, 493 (2016); *Weddell v. Stewart*, 127 Nev. 645, 651, 261 P.3d 1080, 1084–85 (2011) (noting that rules of statutory construction apply to court rules). Here, interpretation of the phrase "[i]n no event shall certification to practice under [SCR 49.8] remain in effect longer than 2

years" to mean the exact opposite—that there are circumstances under which such a certification *can* remain in effect for more than two years—is simply not reasonable.[1]

Petitioners themselves seem to have recognized as much, as they note that VanDyke originally interpreted the rule to require his full admission to the bar within two years, and that he was skeptical of Bar staff's interpretation otherwise. This skepticism was well-founded, as this interpretation could result in the absurd situation in which an attorney could practice law in this state *indefinitely*—perhaps 5, 10, or 20 years or more—without being fully admitted to the bar, as long as he or she remained employed at the Attorney General's Office and annually renewed his or her certification of limited practice.

In an attempt to make the two-year limit mean something other than what it says, petitioners argue that such language "could mean much the same thing that such a requirement means in many other licensing contexts," and point to statutes that allow serial renewal of professional licenses, such as NRS 632.341(1) (requiring nurses to renew their licenses "biennially"), NRS 641.220(1) (requiring psychologist to renew their licenses "on or before the first day of January of each odd-numbered year"), and NRS 630.264(1) (allowing for the renewal of a restricted license to practice medicine in a medically underserved area "every 2 years"). However, these statutes are inapposite, in that none of them contain language similar to SCR 49.8, limiting the time period in which such renewals can be made. Petitioners also point to the statute

---

[1]While the Bar does not oppose petitioners' requested relief, it does not concede that SCR 49.8 is ambiguous and characterizes the statements of its employees as "an erroneous interpretation."

that allows dentists to be issued restricted licenses, which can be renewed annually, under certain circumstances, and assert that the relevant statute "avoids the ambiguity in SCR 49.8 by clarifying that these dentists 'must pass the [applicable] examination . . . within 3 years after receiving the restricted license.'" *See* NRS 631.275(4), (5). But petitioners ignore that, like this statute that they assert avoids ambiguity, SCR 49.8 similarly places a limit on how long restricted licenses can be renewed, specifically, "[i]n no event . . . longer than 2 years."[2]

Allowing attorneys licensed elsewhere a relatively short amount of time to practice in a limited circumstance allows the Attorney General's Office to recruit attorneys from other states without first requiring that those attorneys gain full admittance to the Nevada bar, but SCR 49.8 is not designed to circumvent normal admission requirements for attorneys who intend to practice law in Nevada long-term. Indeed, the rule requires that those practicing under such a certification do so under the supervision of an active member of the bar and that "[a]ll pleadings signed by an attorney certified under [SCR 49.8] shall bear the name and office address, and be signed on behalf of, the attorney in the Office of the Nevada Attorney General responsible for supervising such attorney." SCR 49.8(4).[3] It is unreasonable to conclude that the rule would be designed to

---

[2]Nothing in the 2008 amendments to the rule affects this analysis.

[3]Petitioners do not seem to recognize that the rule requires such supervision. In response to this court's order to address their compliance with the rule, petitioners point out that they have submitted the required paperwork and complied with applicable CLE requirements, but they notably fail to address compliance with the supervision requirements. Thus, even if petitioners reasonably relied on the Bar's representations,
*continued on next page...*

require such supervision of any deputy attorney general in perpetuity, but perhaps especially so in the case of an attorney acting as the Solicitor General or other high-level position in the Attorney General's office.

In spite of the rule's plain language, petitioners argue that they were entitled to rely on the alternative interpretation given them by Bar staff. However, even assuming that reliance on Bar staff's representation could negate the unreasonableness of the alternative interpretation, the content of the email on which petitioners largely stake their request is not as conclusive as petitioners maintain; it stated, in its entirety:

> Dear Mr. VanDyke: I just checked [SCR] 49.8. It indicates that a deputy AG can practice for as long as he/she is employed by the Nevada Attorney General's Office.
>
> Here is the link to the Nevada Supreme Court Rules for Limited Practice: [link].

This email, of course, is not incorrect; the first sentence of SCR 49.8 states that "[c]ertification to practice under [SCR 49.8] shall terminate whenever such attorney ceases to be employed by the Office of the Attorney General." Notably, neither the Bar's email, nor the inquiry from petitioner VanDyke that precipitated it, squarely speak to the issue petitioners claim it did—namely, whether an SCR 49.8 certification be renewed indefinitely, as long as the person remains employed by the Attorney General's Office (or, in other words, if petitioners could practice as deputy attorneys general for more than two years without ever having

---

...*continued*
they have failed to demonstrate full compliance with the requirements of SCR 49.8.

to pass the bar examination)—but rather "the length of time" a person can practice under the rule. However, like statutes, rules must be read in their entirety. *Slade v. Caesars Entm't Corp.*, 132 Nev., Adv. Op. 36, 373 P.3d 74, 75 (2016) ("A statute must be construed as to give meaning to all of [its] parts and language, and this court will read each sentence, phrase, and word to render it meaningful within the context of the purpose of the legislation." (alteration in original) (internal quotation omitted)); *see also Weddell*, 127 Nev. at 651, 261 P.3d at 1084–85. And of course, in addition to limiting such certification to the time an attorney remains employed by the Attorney General's Office, the rule goes on to clearly state: *"In no event shall certification to practice under [SCR 49.8] remain in effect longer than 2 years"* (emphasis added).

Even if Bar staff's representation regarding the rule was as comprehensive and decisive as petitioners argue, it was not of the factual nature that has supported this court's rare application of estoppel against governmental agencies in the past. *See Las Vegas Convention & Visitors Authority v. Miller*, 124 Nev. 669, 699, 191 P.3d 1138, 1158 (2008). For example, in *Nevada Public Employees Retirement Board v. Byrne*, the retirement board and Byrne, over the course of four years, exchanged several, formal letters containing calculations related to Byrnes' retirement benefits "to the penny and to the day." 96 Nev. 276, 278, 280, 607 P.2d 1351, 1352-53 (1980). And in *Southern Nevada Memorial Hospital v. State, Department of Human Resources*, hospitals commenced expansion of their facilities based on the governing "agency's express and official authorization to perform a specified act within a certain time." 101 Nev. 387, 391, 705 P.2d 139, 142 (1985). Here, Bar staff did not make a statement of fact, for example, that petitioners were specifically exempted

from the rule's requirements (or even that any attorneys had been allowed to practice under the rule for more than two years in the past), nor did they represent that they were speaking for the board of governors or communicate their interpretation in a manner that would indicate it could be binding on the authorities actually responsible for regulating the practice of law in this state. Rather, there were short telephone conversations (which have not been confirmed by the participants other than petitioners), followed by a single email, that apparently involved an opinion about what SCR 49.8 means.

The instant matter is more closely analogous to that in *In re Young*, 61 Nev. 463, 132 P.2d 1052 (1943). Like this case, *Young* involved Bar staff's misrepresentation of a rule regarding admission and a request for this court to grant relief to an attorney who relied on such a misrepresentation. Young, who was a member of the Washington State bar, inquired about being admitted to the Nevada bar by motion, shortly before the court amended its rules to no longer allow admission by motion and require all applicants to pass the bar examination as a condition to admission. *Id.* at 464-65, 132 P.2d at 1052. When Young asked the secretary of the State Bar his status under the recent rule amendment, the secretary advised him in writing that he would have to take the bar examination to be admitted. *Id.* at 465, 132 P.2d at 1053. However, this information was erroneous; because he had applied before the effective date of the rule amendment, Young was eligible to apply for admission by motion and, in fact, several similarly situated attorneys had done just that. *Id.* at 468-69, 132 P.2d at 1054. Young eventually petitioned this court for relief. In denying his petition, the court pointed out that "the secretary's mistake was not made within the scope of his authority," as the

 

secretary was not a member of the board of governors. *Id.* at 469-70, 132 P.2d at 1054. The court went on to note that Young "though not as yet admitted to practice in this state, has been an attorney for years," and he "should have known that he was not entitled to rely implicitly upon the opinion of the secretary of the state bar" as to whether he could apply to be admitted by motion. *Id.* at 470, 132 P.2d at 1055.

Bar staff's interpretation of whether SCR 49.8 allowed petitioners to practice law for more than two years without passing the bar examination was more like Bar staff's interpretation of the whether the applicable rule required Young to take the bar examination than the precise amounts of retirement benefits at issue in *Byrne* or the required authorization to build facilities in *Southern Nevada Memorial Hospital*. Like Young, while petitioners are not licensed in Nevada, they are attorneys, and thus should have known that State Bar staff cannot override a rule of this court or the ultimate authority of the board of governors in determining admission to this state's bar. *See* SCR 49(1); *see also Foley v. Kennedy*, 110 Nev. 1295, 885 P.2d 583 (1994) (determining in part that organizers of a recall drive were not reasonably entitled to reply on erroneous advice of assistant registrar of voters regarding number of signatures required for valid recall petition; equitable estoppel cannot apply to require the holding of an otherwise improper election in such a circumstance).[4]

---

[4]Because the Bar had no authority to issue extensions of petitioners' certificates of limited practice when they expired, those extensions were void *ab inititio*, and thus reinstating them *nunc pro tunc* to that date is improper.

For all these reasons, I conclude petitioners have failed to demonstrate that their requested relief is warranted, and I therefore respectfully dissent.[5]

_____, C.J.
Cherry

We concur:

_____, J.
Hardesty

_____, J.
Stiglich

---

[5]I agree with the majority that this court has the authority to regulate the legal profession in this state, and that this matter should be public to the extent stated in the majority. I also agree that no relief should be extended to attorneys who have not even petitioned this court for relief.