# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA, OFFICE OF
THE ATTORNEY GENERAL; AND
JOSEPH TARTAKOVSKY,
Petitioners,
vs.
THE STATE BAR OF NEVADA; THE
BOARD OF GOVERNORS NEVADA
STATE BAR; AND BOARD OF BAR
EXAMINERS OF THE STATE BAR OF
NEVADA,
Respondents.

No. 73288

FILED

AUG 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION

This original petition for a writ of mandamus seeks an order directing the State Bar of Nevada to extend the certification of limited practice under SCR 49.8 previously issued to petitioner Joseph Tartakovsky until he can be admitted to the Nevada State Bar by passing the July 2017 bar examination.[1] This petition is properly before this court, NRS 2.120; NRS 7.275(1); SCR 39; SCR 76(1); *In re Application of Nort*, 96 Nev. 85, 96, 605 P.2d 627, 635 (1980); *see Waters v. Barr*, 103 Nev. 694, 696, 747 P.2d 900, 901 (1987), and having considered the documents before this court, we grant it.[2] NRS 34.160; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

---

[1]We grant the motion for leave to file exhibits to the petition under seal. The clerk shall file, under seal, the exhibits submitted on June 21, 2017.

[2]While we ordinarily give respondents an opportunity to address a petition before granting it, based on the State Bar's representation

17-25886

Tartakovsky reasonably relied on what his supervisors told him regarding the State Bar's representation of the requirements of SCR 49.8(3), and delayed taking the bar examination because he believed he could renew his certification as long as he was employed by the Attorney General's Office. As such, equity dictates that we grant the petition. *See Louis v. Supreme Court of Nev.*, 490 F. Supp. 1174, 1180 (D. Nev. 1980) (noting that a "state bar association is an integral part of the judicial process" and acts "as an agency of the state"); *Nev. Pub. Emp. Ret. Bd. v. Byrne*, 96 Nev. 276, 280, 607 P.2d 1351, 1353 (1980) ("a citizen has a legitimate expectation that [a governmental agency] should deal fairly with him or her" and such agencies have "a most stringent duty to abstain from giving inaccurate or misleading advice"); *Las Vegas Convention & Visitors Auth. v. Miller*, 124 Nev. 669, 699-700, 191 P.3d 1138, 1158 (2008) (noting that when a governmental agency makes factual representations to a person seeking information, and the person relies on those representations in pursuing a course of action, equitable relief may be appropriate).

Accordingly, we grant the unopposed petition requesting that Tartakovsky's certification of limited practice be extended until he has the opportunity to be admitted to the state bar by taking and passing the July 2017 bar examination. If Tartakovsky does not pass the bar examination, his certification shall expire upon this court's announcement of the results of the July 2017 bar examination. If Tartakovsky passes the examination, in order to allow enough time to be properly sworn in as an active member

---

regarding a similar petition in Docket No. 72321, it appears respondents do not oppose this petition.

of the bar, his certification shall expire 21 days after the results are announced by this court.[3] Thus, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the State Bar to extend the certification of limited practice under SCR 49.8 previously issued to Joseph Tartakovsky in accordance with the instructions set forth above.[4]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

---

[3]To the extent that evaluation of requirements for admission other than passing the bar examination (such as character and fitness evaluations) requires time beyond the announcement of the test results, Tartakovsky's ultimate admission would, of course, be deferred until those requirements have been met. This order constitutes the final disposition of this writ proceeding; any further proceedings related to the admission of Tartakovsky shall be docketed as a new matter.

[4]In light of this order, we deny the "emergency" motion filed August 2, 2017, as moot.

CHERRY, C.J., with whom HARDESTY and STIGLICH, JJ., agree, dissenting:

In support of their argument, petitioners point to a prior decision of this court to grant similar relief to other attorneys in the Attorney General's Office. *See State of Nev., Office of the Att'y Gen. v. State Bar of Nev.*, Docket No. 72321 (Order Granting Petition, May 17, 2017). However, petitioners fail to establish that Tartakovsky is similarly situated to the attorneys in the prior matter. In contrast to the situation there, petitioners do not even represent that State Bar staff misled—or indeed, had *any* communications with—Tartakovsky about SCR 49.8(3). Rather, petitioners admit that the State Bar's representations about the rule were relayed to Tartakovsky "by supervisors at the AG's office" and that Tartakovsky "was not a party to the discussion between Mr. VanDyke and the Bar."

I disagreed with granting relief in the prior matter based on the unreasonable reliance on the State Bar staff's inconclusive and nonauthoritative communications about SCR 49.8(3). *See, e.g., In re Young*, 61 Nev. 463, 469-70, 132 P.2d 1052, 1054-55 (1943) (determining that attorney licensed in another state was not entitled to rely on the erroneous advice of state bar secretary regarding admission to this state's bar, as "the secretary's mistake was not made within the scope of his authority"); SCR 49(1) (providing that the board of governors has the ultimate authority in determining admission to this state's bar). Tartakovsky's reliance on Bar staff's communication is even more tenuous than was the attorneys' in the prior matter; Tartakovsky failed to make even a minimal effort to communicate directly with the Bar concerning a rule that governed his

licensure to practice law in this state, and thus the instant petition is based on even more precarious grounds.

I believe the majority sets a dangerous precedent in allowing an attorney to avoid the clear mandates of the rule governing his limited practice in this state by relying not just on nonauthoritative communications from State Bar staff, but, even one more step removed, on communications from associates in his law office about such communications from State Bar staff. Accordingly, I conclude petitioners have failed to demonstrate they are entitled to any relief, and I therefore respectfully dissent.[5]


_____, C.J.
Cherry

We concur:

_____, J.
Hardesty

_____, J.
Stiglich

_____

[5]I agree with the majority that this court has the authority to regulate the legal profession in this state.

cc: Attorney General/Las Vegas
Attorney General/Carson City
Parsons Behle & Latimer/Reno